STATE OF MAINE *vs.* LEVI LASHUS, appellant.

Kennebec. Opinion December 12, 1887.

*Intoxicating liquors. Transporting from place to place. R. S., c. 27, § 31. Pleadings.*

A complaint founded on R. S., c. 27, § 31, which simply follows the language of the statute, is too vague and indefinite, and the complaint will be adjudged bad on demurrer.

ON exceptions from superior court.

The exceptions were to a *pro forma* ruling of the court, overruling a demurrer to the following complaint.

(Complaint.)

"State of Maine. Kennebec, ss. To Horace W. Stewart, Esquire, judge of our municipal court of Waterville, in the county of Kennebec. James P. Hill, of Waterville, in the county of Kennebec and State of Maine, in behalf of said state, on oath complains, that Levi Lashus of Waterville, in the county of Kennebec, on the twenty-first day of December, A. D. 1886, at said Waterville, in said county of Kennebec, did then and

there, knowingly transport from place to place, in said state of Maine, intoxicating liquors with intent that the same shall be sold in violation of law, in said county of Kennebec, in said state of Maine, by some person to said complainant unknown, and with intent then and there to aid said person to said complainant unknown, in such sale in said county of Kennebec, in said state of Maine ; against the peace of the state, and contrary to the statute in such case made and provided."

*L. T. Carleton,* county attorney, for the State.

I do not see how in the nature of things the allegation could be made more precise without tedious and useless prolixity as the court say. 61 Maine, 181 ; 78 Maine, 546 and authorities there cited ; 77 Maine, 380 ; R. S., c. 27, § 31.

Again, it is not necessary that a complaint should be so formal and precise as is required in an indictment, as the court say in *State* v. *Corson,* 10 Maine, 473, "The same technical precision and accuracy is not required as in an indictment."

*F. A. Waldron,* for the defendant, cited : 11 Pick. 432 ; 13 Met. 368 ; 2 Pick. 143 ; 13 Pick, 363 ; 17 Pick. 399 ; 19 Pick. 307 ; 1 Stark. Cr. Pl. 89 ; 2 Hale, 169 ; Arch. Cr. Pl. (5 Am. ed.) 36 ; 1 Chit. Cr. Law, 213 ; 2 East, P. C. 651, 781 ; *Rex* v. *Walker,* 3 Camp. 264 ; *Rex* v. *Robinson,* Holt, N. P. 595 ; *Com.* v. *Blood,* 4 Gray, 31 ; *Com.* v. *Phillips,* 16 Pick. 211 ; 3 Stark, Ev. 1527 ; 11 Cush. 143 ; *Com.* v. *B. & W. R. R. Co.* 11 Cush. 512 ; *Com.* v. *Moore,* 11 Cush, 600 ; *Com.* v. *Pray,* 13 Pick. 359 ; *Com.* v. *Reily,* 9 Gray, 1.

VIRGIN, J. The complaint follows the language of the statutory provision (R. S., c. 27, § 31,) which creates the offence intended to be charged ; but such a mode of setting out a violation of a penal or criminal statute is not necessarily sufficient. *State* v. *And. R. R. Co.* 76 Maine, 411 ; *Com* v. *Pray,* 13 Pick. 359. The law affords to the respondent in a criminal prosecution such a reasonably particular statement of all the essential elements which constitute the intended offence as shall apprise him of the criminal act charged ; and to the end,

also, that if he again be prosecuted for the same offence he may plead the former conviction or acquittal in bar.

Recurring to the complaint we find no allegation designating from what place or to what place, "in the state of Maine," the liquors were transported. The complaint is too indefinite to afford to the defendant the requisite information, to which the law entitles him, or to identify it, in case another and subsequent prosecution for the same offence should be instituted. The case of *Com.* v. *Reily,* 9 Gray, 1, based on a similar statute, is in point, and holds, on a motion in arrest of judgment, that a complaint like the one at bar is insufficient.

Had the allegations limited the places to and from which the liquors were transported to a particular town or city, the complaint might have been sufficient. *Com.* v. *Hutchinson,* 6 Allen, 595.

> *Exceptions sustained.    Complaint adjudged bad.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.