STATE OF MAINE *vs.* ANDRE BELIVEAU.

Androscoggin.  Opinion March 10, 1916.

*Meaning of words "Liquors" and "Intoxicating Liquors." Sufficiency of Indictment.*

This is an indictment against the defendant for attempted bribery under section 5, chapter 123 of the Revised Statutes. It charges the defendant with feloniously and corruptly offering to a deputy sheriff in the county of Androscoggin, whose duty it was to enforce the laws against the sale and keeping for sale, and the illegal transporting of intoxicating liquors, a valuable consideration and gratuity "to permit him, the said Andre Beliveau, to receive not exceeding one car-load of liquor per week during said time, the same being shipped over the Grand Trunk Railway, and to refrain from seizing said liquors in whatever names the same might be shipped upon notice from said Andre Beliveau that said liquors were to arrive and to allow the same to be delivered to the order of one Fred

Breton, and not to seize said liquors, it being the duty of said Elmer B. Lyon (deputy sheriff) to seize and libel such liquors as aforesaid, and he, the said Elmer B. Lyons, then and there being authorized and in duty bound to make such seizures against the peace of the State, and contrary to the form of the statute in such case made and provided."

*Held:*

1.   It is a cardinal rule of criminal pleading that an indictment must portray all the facts that constitute the crime sought to be charged so that the court, from an inspection of the indictment can say that, if all the facts alleged are true, the defendant is guilty.

2.   There being no sufficient allegation in the indictment to show that the liquors mentioned were intoxicating liquors, or that they were intended for sale in this State in violation of law, the offer, if made as set forth was not an attempt to bribe the officer to allow the defendant to perform the unlawful act of having intoxicating liquors brought into the State and sold in violation of law.

Indictment brought under section 5, chapter 123, Revised Statutes. By agreement of parties, the indictment was reported to the Law Court: If the Law Court is of opinion that the indictment is good and sufficient, as upon demurrer, case to stand for trial, otherwise, indictment to be quashed.

Case stated in opinion.

*W. H. Hines,* county attorney, for State.

*George S. McCarty,* for respondent.

SITTING: SAVAGE, C. J., KING, BIRD, HALEY, HANSON, JJ.

HALEY, J.   This is an indictment against the defendant for attempted bribery under section 5, chapter 123 of the Revised Statutes.   It charges the defendant with feloniously and corruptly offering to a deputy sheriff in the county of Androscoggin, whose duty it was to enforce the laws against the sale and keeping for sale, and the illegal transporting of intoxicating liquors, a valuable consideration and gratuity "to permit him, the said Andre Beliveau, to receive not exceeding one car load of liquor per week during said time, the same being shipped over the Grank Trunk Railway, and to refrain from seizing said liquors in whatever names the same might be shipped upon notice from said Andre Beliveau that said liquors were to arrive and to allow the same to be delivered

to the order of one Fred Breton, and not to seize said liquors, it being the duty of said Elmer B. Lyons (deputy sheriff) to seize and libel such liquors as aforesaid, and he, the said Elmer B. Lyons, then and there being authorized and in duty bound to make such seizures against the peace of the State, and contrary to the form of the statute in such case made and provided."

The question of the sufficiency of the indictment was raised, and by agreement of the parties it was reported to this court with the stipulation that "if the Law Court is of opinion that the indictment is good and sufficient, as upon demurrer, the case is to stand for trial; otherwise the indictment is to be quashed."

Two objections are urged to the indictment: First, the failure to allege that the liquors, the subject of the corrupt offer, were intoxicating liquors. Second, the failure to allege that the liquors, the subject of the corrupt offer, were intended for illegal sale.

It is a cardinal rule of criminal pleading that an indictment must portray all the facts that constitute the crime sought to be charged so that the court, from an inspection of the indictment can say that, if all the facts alleged are true, the defendant is guilty. *State* v. *Lynch,* 88 Maine, 195; *State* v. *Doran,* 99 Maine, 331.

This indictment sets forth facts that if the offer alleged was a corrupt offer, to induce the deputy sheriff to violate his oath and duty the defendant would be guilty of attempted bribery, but in setting forth the facts the indictment alleges that the offer was made to induce the deputy sheriff to allow liquors to be shipped into Lewiston and not to seize or libel the liquors.

The word "liquors" includes both intoxicating and non-intoxicating liquors. Webster's Dictionary. Standard Dictionary. The statute only authorizes the seizure, libeling and forfeiture of intoxicating liquors intended for sale in this State in violation of law. A warrant to seize intoxicating liquors must allege that they are intoxicating and intended for sale in this State in violation of law. *State* v. *Robinson,* 33 Maine, 564; *State* v. *Gurney,* 33 Maine, 527.

A prosecution for the sale of intoxicating liquors must allege that they are intoxicating liquors. Form provided by chapter 29, R. S. The case of *State* v. *Beasley,* 21 W. V., 777, relied upon by the State, is not applicable to the case at bar; that was a prosecu-

tion under a statute making it a crime to sell *spirituous liquors,* and the complaint and warrant allege the sale in the words of the statute as *spirituous liquors.* The only question discussed was the sufficiency of the proof. In this case the question is the sufficiency of the pleadings, which were sufficient in *State* v. *Beasley,* supra.

The allegations in this case do not describe the acts of the defendant in words that portray a crime or, in the words of the statute describing the crime which it is claimed he was attempting to bribe the deputy sheriff to allow him to commit; for the liquors may have been non-intoxicating.

That the indictment fails to state a crime is too plain for argument, as said by the court in *Ward* v. *State,* 44 Ind., 293, which was a case where the defendant was indicted for selling one pint of liquor, and the question for the court was the sufficiency of the indictment, "it contains no averment that the liquor was intoxicating. The statute prohibits the sale of 'intoxicating liquors' only. We scarcely need to remark that there are many kinds of liquors which are not intoxicating. The indictment should have been quashed."

There being no sufficient allegation in the indictment to show that the liquors mentioned were *intoxicating liquors,* or that they were intended for sale in this State in violation of law, the offer, if made as set forth, was not an attempt to bribe the officer to allow the defendant to perform the unlawful act of having intoxicating liquors brought into the State and sold in violation of law.

*Indictment quashed.*