STATE OF MAINE *vs.* JOHN FADDOUL.

Oxford.     Opinion, August 16, 1933.

*Clyde R. Chapman,* Attorney General for the State.
*Aretas E. Stearns,*
*Albert Beliveau,* for defendant.

SITTING: PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J. The intention in this case was to prosecute the respondent for the crime described in Section 24 of Chap. 138, Rev. Stat. 1930. The statutory offense is set forth as follows:

> *"Persons burning their own property to defraud insurers; penalty. R. S. c.* 128, *sec.* 22. If an owner or person in any way concerned, interested or in possession of any building, goods, or other property, insured against loss or damage by fire, wilfully burns the same or causes it to be burned, with intent to defraud the insurer, he shall be punished by imprisonment for not less than one year, nor more than twenty years."

The first count of the indictment reads as follows:

> "THE GRAND JURORS FOR SAID STATE upon their oath present that John Faddoul of Rumford in the County of Oxford and State of Maine at Rumford in the County of Oxford and State of Maine, aforesaid, on the ninth day of August A.D. 1932, Wilfully did cause to be burned on the eleventh day of August, A.D. 1932, with intent to defraud the Southern Fire Insurance Company of New York, New York, New York, and the Pennsylvania Fire Insurance Company of Philadelphia, Pennsylvania, a building occupied as a shop and belonging to the said John Faddoul located on the Westerly side of Canal Street in said Rumford, the said Southern Fire Insurance Company of New York, New York, New York, and the said Pennsylvania Fire Insurance Company of Philadelphia, Pennsylvania, having at the time of said burning, insurance on said building, against the peace of said State, and contrary to the form of the statute in such case made and provided."

The second count of the indictment in so far as the respondent's objection to it goes is in the same language.

After a verdict of guilty and before sentence the respondent filed a motion in arrest of judgment on the ground that the indictment under which he was tried set forth no criminal offense. To the overruling of this motion an exception was taken.

The rule is well recognized that in the description in the indictment of a statutory offense every element constituting the crime must be set forth with reasonable precision. *State* v. *Perley*, 86 Me., 427; *State* v. *Beattie*, 129 Me., 229; *State* v. *Navarro*, 131 Me., 345. The failure to include any necessary allegation can not be cured by implication. *Com.* v. *Shaw*, 7 Met., 52, 57.

One necessary element of the offense sought to be charged against the respondent was that the building was "insured against loss or damage by fire." This averment is lacking in the indictment. We have no right to assume that the statement as to insurance on the building means insurance against fire. An indictment in similar form to this was held defective in *Martin & Flinn* v. *State*, 20 Ala., 30.

*Exception sustained.*