STATE OF MAINE
*vs.*
NORTON H. EUART

Franklin.   Opinion, June 16, 1953.

*Joseph F. Holman,* for State.

*Berman & Berman,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, TIRRELL, JJ.

FELLOWS, J. This is an indictment against Norton H. Euart for negligent shooting and wounding one William F. Kenney while on a hunting trip. The respondent demurred, which demurrer was overruled by the presiding justice. The case comes to the Law Court from Franklin County Superior Court on respondent's exceptions.

The indictment charges the commission of the alleged offense in the following language:

"THE JURORS FOR SAID STATE, upon their oath present, that Norton H. Euart of Middle Valley in the State of New Jersey, on the thirty-first day of October in the year of our Lord one thousand nine hundred and fifty-two, at Wilton, in said County of Franklin and State of Maine, as aforesaid, while being then and there in the pursuit of wild game, feloniously, negligently and carelessly did shoot and wound one William F. Kenney, of said Wilton, against the peace of said State of Maine and contrary to the form of the statute of said State of Maine in such case made and provided.

## COUNT TWO

And your Jurors aforesaid, upon their oath aforesaid, do further present that Norton H. Euart, of Middle Valley, in the State of New Jersey, on the thirty-first day of October in the year of our Lord one thousand nine hundred and fifty-two, at Wilton, in the County of Franklin and State of Maine

aforesaid, while being then and there on a hunting trip, feloniously, negligently, and carelessly did shoot and wound one William F. Kenney, of said Wilton, against the peace of said State of Maine and contrary to the form of the Statute of said State of Maine in such case made and provided."

The statute (Inland Fish and Game Laws of the State of Maine 1951, Section 125; R. S., 1944, Chap. 33, Sec. 125) under which the indictment was brought reads as follows:

"Whoever while on a hunting trip, or in pursuit of wild game or game birds, negligently or carelessly shoots and wounds, or kills any human being shall be punished * * *".

The respondent contends that his exceptions should be sustained because he says the indictment does not set forth the acts constituting the alleged crime, and that it is otherwise "vague, indefinite and uncertain."

It is, of course, well established law that in all criminal proceedings the accused has the right to know the nature of the accusation, which must be stated in the indictment with that certainty and precision requisite to enable him to meet the exact charge. The description of the offense must be certain, positive and complete. Constitution of Maine, Article I, Sec. 6; *State* v. *Morton,* 142 Me. 254, 257; *State* v. *Crouse,* 117 Me. 363; *State* v. *Bellmore,* 144 Me. 231; *Smith, Petr.* v. *State,* 145 Me. 313.

If every fact necessary to constitute the offense charged is found in the statute involved, it is only necessary that the indictment follow the language of the statute. *State* v. *Doran,* 99 Me. 329; *State* v. *Smith,* 140 Me. 255, 280; *State* v. *Munsey,* 114 Me. 408, 410. See also *Moody, Petr.* v. *Warden,* 145 Me. 328, 335; *State* v. *Maine State Fair Assn.* (148 Me. 486) ; *Smith, Petr.* v. *State,* 145 Me. 313, 327.

"It is an elementary rule of criminal pleading that every fact or circumstance which is a necessary ingredient in a

prima facie case of guilt must be set out in the complaint or indictment. It has been also frequently declared that in complaints or indictments charging violation of a statutory offense it is sufficient to charge the offense in the language of the statute without further description, providing the language of the statute fully sets out the facts which constitute the offense. Again it has been held that the complaint or indictment is sufficient if it should state all the elements necessary to constitute the offense either in the words of the statute or in language which is its substantial equivalent. It has also been held that the indictment or complaint is sufficient if it follows the statute so closely that the offense charged and the statute under which the indictment is found may be clearly identified. But even where a charge of a statutory offense is made the respondent still has the right to insist that the indictment, whether in the language of the statute or otherwise, shall state the facts, alleged to constitute the crime, with that reasonable degree of fullness, certainty and precision requisite to enable him to meet the exact charge against him, and to plead any judgment, which may be rendered upon it, in bar of a subsequent prosecution for the same offense." See *State* v. *Munsey,* 114 Me. 408, 410.

If the words of the statute are vague or indefinite, it will be necessary to set out the specific acts of the accused, in order that it may appear that the acts come within the statutory prohibitions. The indictment must be sufficiently specific to advise the respondent what he has to meet and to give him opportunity to prepare his defense. *State* v. *Doran,* 99 Me. 329; *State* v. *Lashus,* 79 Me. 541; *State* v. *Bushey,* 96 Me. 151, 154; *State* v. *Beattie,* 129 Me. 229, 232; *State* v. *Strout,* 132 Me. 134; *State* v. *Peterson,* 136 Me. 165.

In this case the indictment appears to us to be sufficient. The accused is fully informed of the charge he must meet. The date when and place where are given. The words of

the statute cover all the material facts of the alleged offense. It is not necessary to state in the indictment such allegations as: — that the accused carried a gun while on a hunting trip; that the gun he carried was loaded; that the gun was discharged; that the respondent stumbled and fell; that the trigger was unintentionally hit when respondent climbed a fence; that respondent thought he saw a deer, or similar allegations. It would be difficult, if not impossible, to allege and prove the mental process of a respondent, or describe his nervous reactions, or appearances of inattention or excitement, or even what he was doing at the time of shooting. He may have been hiding in deep woods and no eye have seen the respondent or the flash of the gun. The crime consists in shooting a human being, negligently or carelessly, while in pursuit of wild game or while on a hunting trip. Unless the surrounding circumstances are constituent parts of an offense, the means by which and the manner in which a crime has been committed are not part of the crime itself. See *State* v. *Verrill,* 54 Me. 408, 414.

The respondent claimed that this indictment, which contains only a general allegation that the act, to wit, the shooting, was negligently and carelessly done without specific allegation as to what constituted the negligence, is demurrable. In argument he attempted to justify this position by reliance upon an alleged rule in civil cases that a general allegation that an act was negligently done is insufficient in form and subject to special demurrer.

This supposed rule in civil cases, however, is not of universal application. There are many exceptions thereto. See *Couture* v. *Gauthier,* 123 Me. 132 citing Chitty on Pleading, Vol. II, 16th Ed. 574, and Oliver's Precedents, Pages 397 to 400. See also *Herbert* v. *Street Railroad,* 103 Me. 315, 323, 65 C. J. S. 890, 45 C. J. 1078, and 38 Am. Jur. 954, Sec. 262.

In this case the allegation that the defendant "negligently and carelessly did shoot and wound one William F. Kenney"

is an allegation of injury to Kenney which was the direct result of the defendant's act. It states that that act, to wit, the shooting, was carelessly and negligently performed. Exactly what the defendant did, if he did anything, was peculiarly within his own knowledge.

We hold that an allegation that the defendant did negligently and carelessly shoot another is a sufficient allegation that the shooting was negligently and carelessly done without further specification as to wherein the negligence or carelessness lay. It sufficiently informs the respondent of the nature of the crime with which he is charged. If the circumstances in the case are such that he requires a more specific statement of the facts claimed in order to prepare his defense, he has the right to make a proper motion to the presiding justice for particulars, and if the presiding justice feels that under the circumstances justice so demands, he can order the State to more fully state its claims and contentions. *State* v. *Hume*, 146 Me. 129, 78 Atl. (2nd) 496; *State* v. *Haapanen*, 129 Me. 28, 149 Atl. (2nd) 389.

The counts in this indictment are in accord with the precedents long used in this jurisdiction. We hold they are sufficient to charge violation of the statute in question.

*Exceptions overruled.*