STATE OF MAINE
*vs.*
RICHARD N. WARD

Cumberland.   Opinion, March 17, 1960.

*Arthur Chapman, Jr., County Attorney,* for plaintiff.

*Basil Latty,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.   DUBORD, J., did not sit.

SIDDALL, J.   On exceptions.   The respondent demurred to a complaint against him.   The complaint charged that:

"RICHARD N. WARD

of Harrison, in said County, on the 12th day of August A.D. 1959, at said Harrison was a person

> whose license to operate a motor vehicle had been suspended by the Secretary of State of the State of Maine, and the said Richard N. Ward unlawfully and without right, did then and there operate a motor vehicle, to wit, an automobile, upon the highway and public streets of the town of Harrison, Maine, to wit, Route #117, against the peace of the State and contrary to the form of the Statute in such case made and provided."

The demurrer was overruled by the court, and the respondent seasonably filed exceptions.

The issues here involve the sufficiency of the complaint. The respondent contends that the complaint is insufficient in that it fails to specify that his operator's license was under suspension on August 12, 1959, the date of the alleged offense, and that it does not set forth the reasons for the suspension.

We consider at this time the first contention of the respondent. An examination of the pertinent statutes reveals that on August 12, 1959, three statutory provisions were in effect, all relating to the offense of operating a motor vehicle after suspension of the operator's license. R. S., 1954, Chap. 22, Sec. 81, Par. VII, a part of the so-called Financial Responsibility Law, provides that any person whose operator's license has been suspended, restoration thereof being contingent upon the furnishing of certain financial requirements, and who drives any motor vehicle upon any highway during such suspension, except under some permitted circumstances, shall be punished by imprisonment for not more than 6 months, or by a fine of not more than $500, or by both. The same law also applies, under certain circumstances, to persons who operate a motor vehicle after the suspension of such person's registration certificate. Another statute, R. S., 1954, Chap. 22, Sec. 161, provides that any person who drives a motor vehicle on any highway in this state at a time when his privilege to do so is suspended,

shall upon conviction be punished by a fine of not more than $500 or by imprisonment for not more than 6 months, or by both. By P. L., 1957, Chap. 250, Sec. 4, this statute was amended by changing the penalty upon conviction to a fine of not less than $100 nor more than $500 or by imprisonment for not more than 6 months, or by both. Still another law enacted as Sec. 5 of the same chapter 250 of the Public Laws of 1957 as an addition to R. S., 1954, Chap. 22, Sec. 161, provides for a fine of not more than $500 or imprisonment for not more than six months, or both, upon being convicted of operating a motor vehicle upon any highway at a time when the privilege to operate is suspended for failure to comply with the provisions of the Financial Responsibility Law.

The offense under each of the above statutory provisions consists in the operation of a motor vehicle on the highway at a time when the license of the driver is under suspension. Did the complaint in this case contain a sufficient allegation that the respondent's license was under suspension at the time of the alleged offense?

It is a cardinal rule of criminal pleadings that all of the essential elements of the crime sought to be charged must be alleged, and that the description of the offense must be certain, positive, and complete, and not by way of recital, argument, intendment, implication, or inference. See *State v. Michaud,* 150 Me. 479, 114 A. (2nd) 352; *State v. Rowell,* 147 Me. 131, 84 A. (2nd) 140; *State v. Bellmore,* 144 Me. 231, 67 A. (2nd) 531; *Smith v. State,* 145 Me. 313, 75 A. (2nd) 538; *State v. Pooler et al.,* 141 Me. 274, 43 A. (2nd) 353; *State v. Peterson,* 136 Me. 165, 4 A. (2nd) 835; *State v. Beckwith,* 135 Me. 423, 198 A. 739; *State v. Faddoul,* 132 Me. 151, 168 A. 97; *State v. Beattie,* 129 Me. 229, 151 A. 427; *State v. Beliveau,* 114 Me. 477, 96 A. 779.

Bearing these principles of criminal pleading in mind, we must conclude that the complaint in this case is clearly in-

sufficient. An essential element of the crime sought to be charged is that the operator's license of the respondent must have been under suspension at the time of the alleged offense. The complaint contains language which indicates that the license of the respondent had at some time in the past been suspended, but lacks a certain positive or direct allegation that it was under suspension on the date of the alleged offense. The complaint charges no crime.

We now discuss the claim of the respondent that the complaint should have set forth the reason for which his license was suspended. The State contends that the complaint is sufficient in that it follows the statute in language which is substantially equivalent thereto as to that part of Chap. 22, Sec. 161, which provides that "no person shall operate a motor vehicle after his license or right to operate has been suspended or revoked. . . . Any person who drives a motor vehicle on any public highway of this state at a time when his privilege to do so is suspended or revoked shall be guilty of a misdemeanor. . . ."

Article I, Section 6 of the Constitution of the State of Maine provides that in all criminal prosecutions, the accused shall have the right to demand the nature and cause of the accusation. It has been repeatedly held that this constitutional provision entitles a person to know the nature and cause of the accusation without being obliged to go beyond the record, and to have the facts alleged to constitute the crime set forth in the complaint with that reasonable degree of fullness, certainty, and precision requisite to enable him to meet the exact charge against him. *State* v. *Michaud,* 150 Me. 479, 114 A. (2nd) 352; *State* v. *Ewart,* 149 Me. 26, 98 A. (2nd) 556; *Smith* v. *State, supra; State* v. *Beckwith, supra.* This principle is so well established that the citation of other cases appears to be unnecessary.

In order to meet this constitutional requirement it is not always sufficient to draw a complaint in the language of the

statute creating the crime. In *State* v. *Munsey,* 114 Me. 408, 410, 96 A. 729, our court said:

> "The charge against the respondent is of conduct not criminal at common law but made so by statute. It is an elemetary rule of criminal pleading that every fact or circumstance which is a necessary ingredient in a prima facie case of guilt must be set out in the complaint or indictment. It has been also frequently declared that in complaints or indictments charging violation of a statutory offense it is sufficient to charge the offense in the language of the statute without further description, providing the language of the statute fully sets out the facts which constitute the offense. Again it has been held that the complaint or indictment is sufficient if it should state all the elements necessary to constitute the offense either in the words of the statute or in language which is its substantial equivalent. It has also been held that the indictment or complaint is sufficient if it follows the statute so closely that the offense charged and the statute under which the indictment is found may be clearly identified. But even where a charge of a statutory offense is made the respondent still has the right to insist that the indictment, whether in the language of the statute or otherwise, shall state the facts, alleged to constitute the crime, with that reasonable degree of fullness, certainty and precision requisite to enable him to meet the exact charge against him, and to plead any judgment, which may be rendered upon it, in bar of a subsequent prosecution for the same offense. *State v. Snowman,* 94 Maine, 99; *State v. Lynch,* 88 Maine, 195; *State v. Bushey,* 96 Maine, 151; *State v. Doran,* 99 Maine, 329."

In *State* v. *Lashus,* 79 Me. 541, 542, 11 A. 604, our court said:

> "The complaint follows the language of the statutory provision (R. S., c. 27, Sec. 31,) which creates the offence intended to be charged; but such a

mode of setting out a violation of a penal or criminal statute is not necessarily sufficient. *State v. And. R.R. Co.* 76 Maine, 411; *Com. v. Pray,* 13 Pick. 359. The law affords to the respondent in a criminal prosecution such a reasonably particular statement of all the essential elements which constitute the intended offence as shall apprise him of the criminal act charged; and to the end, also, that if he again be prosecuted for the same offence he may plead the former conviction or acquittal in bar."

In *State* v. *Dunn,* 136 Me. 299, 302, 8 A. (2nd) 594, our court used the following language:

"Assuredly, as argued, where the words of a statute may by their generality embrace cases falling within its literal terms, which are not within its meaning or spirit, the indictment must be enlarged beyond the words of its enactment, and allege all facts necessary to bring the case within legislative intent. *State v. Lashus,* 79 Me., 541, 11 A., 604; *State v. Doran,* 99 Me., 329, 59 A., 440; *State v. Conant,* supra."

"If a statute does not sufficiently set out the facts that make the crime, a more definite statement of facts is necessary." *State* v. *Michaud, supra,* p. 482. The purpose of the rule requiring the charge to be set forth particularly is well stated in *State* v. *Longley,* 119 Me. 535, 537, 112 A. 260, as follows:

"It is familiar law that the object of the rule requiring the charge to be particularly, certainly and technically set forth, is three fold: To apprise the defendant of the precise nature of the charge made against him: To enable the court to determine whether the facts constitute an offense and to render the proper judgment thereon: That the judgment may be a bar to any future prosecution for the same offense."

Having these principles of criminal pleading in mind, as well as the reasons therefor, we now turn to the consider-

ation of their application to the facts of this case. As previously stated, Section 161 contains two distinct and separate provisions relating to the operation of a motor vehicle after the suspension of the license of the operator. Each carries a separate and different penalty. That part of Section 161 which was added thereto by Section 5 of Chapter 250, P. L., 1957, hereafter called for convenience the special provision of Section 161, applies only to those prosecutions in which the suspension resulted from a failure to comply with the Financial Responsibility Law. The other part of Section 161, hereafter called the general provision of that section, under which the State claims the present complaint was brought, applies to prosecutions resulting from violation of suspensions in general, without any reference being made as to the reason for the suspension. We must assume that the Legislature intended to achieve a consistent body of law and did not intend to provide two different penalties under Section 161 for exactly the same act. We cannot believe that the Legislature by enacting the special provision of Section 161 intended that one operating a motor vehicle in violation of its provisions should also be liable to prosecution and punishment under the general provisions of the same section. We therefore conclude that a person cannot be prosecuted under the general provision of Section 161 for operating a motor vehicle after suspension for failure to comply with the Financial Responsibility Law. Therefore, an allegation which follows the statutory language of the general provision of Section 161, as in the instant case, without specifying the reason for the suspension, might embrace cases falling within the letter of that provision but not within its real meaning or spirit. The possibility of such a situation requires the allegation of other facts necessary to appraise the respondent of the exact nature of the crime which the State seeks to charge. It appears obvious that a person accused of operating after suspension of his license cannot determine from the com-

plaint whether he is being prosecuted under the general or under the special provision of Section 161, or whether the prosecution is brought under the provisions of R. S., 1954, Chap. 22, Sec. 81, Par. VII, unless the reason for which the suspension occurred is set forth in the complaint. Without such an allegation the respondent not only would be unable to properly prepare his defense, but a conviction under such a complaint might not bar a further prosecution for the same offense upon a subsequent complaint containing an allegation as to the reason for the suspension. Furthermore, the court, upon conviction, would be unable to determine the appropriate penalty to impose. For the reasons stated we find the complaint in this case insufficient.

The entry will be

*Demurrer sustained.*