**Roger R. HALLER, Petitioner,**

**v.**

**STATE of Maine et al., Respondents.**

Supreme Judicial Court of Maine.

May 7, 1968.

Errol K. Paine, Bangor, David M. Cox, Brewer, for petitioner.

John W. Benoit, Asst. Atty. Gen., Augusta, for respondents.

Before WILLIAMSON, C. J. and WEBBER, TAPLEY and DUFRESNE, JJ.

**WILLIAMSON, Chief Justice.**

This post conviction habeas corpus case is before us on appeals by the Petitioner and by the Respondents, 14 M.R.S.A. § 5502 et seq.

At the September 1965 Term of the Penobscot Superior Court the petitioner pleaded guilty to robbery and kidnapping. (Robbery) 17 M.R.S.A. § 3401; (Kidnapping) 17 M.R.S.A. § 2051. On each charge he was sentenced to a term of not less than 25 nor more than 50 years, to be served concurrently.

The respondents appeal from the judgment reversing the conviction for robbery and ordering the discharge of the petitioner from execution of the robbery sentence. The petitioner appeals from dismissal of the counts relating to kidnapping in the habeas corpus petition, and the affirmance of his conviction.

■ The petitioner asserts that the indictment for robbery was fatally defective for failure to allege that the property was taken from the person. The indictment charges that the petitioner,

"* * * on one (A.B.) feloniously did make and (sic) assault, and by force and violence divers and sundry silver, nickel and copper coins, national bank bills, United States Treasury Notes and Certificates, and United States Federal Reserve Notes, of the aggregate value of eighteen ($18) dollars current as money in the United States of America, a more particular description of which is to your Grand Jurors unknown, of the property of said (A.B.) did steal, take and carry away * * *."

Robbery is defined by statute as follows:

"Whoever, by force and violence or by putting in fear, feloniously steals and takes from the person of another property that is the subject of larceny is guilty of robbery and shall be punished by imprisonment for any term of years." 17 M.R.S.A. § 3401.

In 4 Blackstone's Commentaries (1809 edition) pp. 243 and 244, we read:

"Open and violent larceny from the person, or robbery, the rapina of the civilians, is the felonious and forcible taking, from the person of another, of goods or

money to any value, by violence or putting him in fear."

"But if the taking be not either directly from his person, or in his presence, it is no robbery."

See also State v. Greenlaw, 159 Me. 141, 189 A.2d 370, in which the property was an automobile.

■ We test the validity of the indictment, as did the Justice below, by application of the familiar rule.

"It is a cardinal rule of criminal pleadings that all of the essential elements of the crime sought to be charged must be alleged, and that the description of the offense must be certain, positive, and complete, and not by way of recital, argument, intendment, implication, or inference." (Cited cases omitted.)

State v. Ward, 156 Me. 59, at p. 61, 158 A. 2d 869, at p. 871.

We quote from the Decree as follows:

"One of the essential elements of the offense is the taking 'from the person of another.' It is axiomatic that a valid indictment 'must set out with * * * certainty * * * the facts which constitute the essential elements of the offense.' Directions and Forms for Criminal Procedure, Whitehouse and Hill § 40; State v. Faddoul 132 Me. 151, 153, 168 A. 97; Smith, Pet'r. v. State of Maine 145 Me. 313, 318, 75 A.2d 538; and Moody, Pet'r. v. Lovell, Warden 145 Me. 328, 334, 75 A.2d 795. The indictment purporting to charge robbery contains no allegation that the property taken was 'from the person of' the owner. As phrased the indictment charges larceny by force and violence and by virtue of there being no such category of offense in our statutes, the indictment charges larceny of $18.00 which is not a felony.

The petitioner's conviction for robbery is invalid, the judgment to that effect is reversed and the petitioner is discharged from execution of sentence thereunder."

The Respondents' appeal is denied.

■ With reference to the conviction for kidnapping the petitioner complains, in substance, that he was promised by the County Attorney a sentence not in excess of 15 to 30 years if he pleaded guilty, and threatened by him with life imprisonment if he refused to plead guilty; that a statement made by the victim of the kidnapping alleging a sexual assault would not be shown to the presiding Justice unless specifically requested; and that in violation of the agreement the County Attorney informed the presiding Justice of the full details of the sex statement in absence of the petitioner's counsel.

It is urged that the convictions were obtained in violation of the petitioner's privilege against self-incrimination (Fifth Amendment), that certain disclosures by the County Attorney to the presiding Justice violated his right to effective assistance of counsel and to confront the witnesses against him (Sixth Amendment), and that all of the circumstances amounted to a violation of due process (Fourteenth Amendment).

On October 1, 1965 the petitioner, his attorney, and the County Attorney were present at the arraignment of the petitioner. The record on the kidnapping indictment shows:

"THE CLERK: What say you to this indictment, Roger R. Haller, are you guilty or not guilty?

MR. HALLER: Guilty.

BY THE COURT:

Q Mr. Haller, was your plea of guilty made as a result of any threats that have been made against you or any promises that have been made to you?

A No, sir."

The record with reference to the robbery indictment is to like effect.

Not only do we find the plain answer by the petitioner to the plain question put by the Court at the time of the plea of guilty, but as well we find a statement to like effect when he was sentenced four weeks

later. Again, the petitioner, his attorney, and the County Attorney appeared before the Court.

The County Attorney made a full and complete statement of the basic facts of the robbery and kidnapping. Specifically he informed the Court that the petitioner at one point in the course of the kidnapping "engaged in some assault and harassment of (the victim of the kidnapping) with a sexual object in mind which, however, was not successful, but did badger and assault and harass her nevertheless."

The petitioner requested and was given permission to speak to the Court, in the course of which he at no time denied or questioned any of the statements made by the County Attorney. The Court then heard from counsel for the petitioner and again from the County Attorney. To the inquiry by the Court whether the petitioner wished to say anything more, he replied that he would wait until he was sentenced. The Court then proceeded to sentence the petitioner to terms of 25 to 50 years for each offense, to be served concurrently. Immediately following the reading of the sentences by the Clerk the record shows:

"THE COURT: Mr. Haller, you said you wanted to say something after sentence?

MR. HALLER: Yes, sir.

THE COURT: Yes.

MR. HALLER: The sentence I just got I didn't really expect that much, but I had to expect it because I done the crime. * * *"

The remainder of the petitioner's statement does not touch upon guilt or innocence.

Counsel for the petitioner characterizes the procedure at the time the pleas were taken as "the ritualistic questioning of an accused prior to accepting a plea of guilty." We are fully satisfied that the making of a plea with questioning by the Court and answers by a defendant are weighty matters in the administration of justice. Surely, there is no moment more solemn for the accused and for the Court. If an accused does not answer truthfully at this moment, under what circumstances, if ever, may we expect him to do so. Holbrook v. State (1965) 161 Me. 102, 208 A.2d 313.

We quote with complete approval from the Decree as follows:

"I find that the manner in which the charges against the petitioner were handled, was in a normal, professionally acceptable and legitimate way. The petitioner was charged in 6 indictments and the exploration by his counsel, including conferences with the County Attorney and the Court, as to the ultimate disposition of these several cases was completely within legitimate practice and in observation of everyone's duty to the respondent. The net result of the efforts of counsel for both the State and the respondent, with approval of the presiding Justice, resulted in certain questions of pleading as to one count of the kidnapping indictment, causing the count to be dismissed, and upon petitioner's pleas to the indictments then considered and pleaded, four were placed on file and sentence imposed on the alleged robbery and kidnapping, the sentences to run concurrently.

I find that there were no threats on the one hand or promises on the other whereby petitioner was induced to enter his pleas of guilty.

I find that there was no representations made to the petitioner that the presiding Justice would not be made aware of the 'sex statement'. Such a collusive arrangement, if made, does not merit a status of validity either legally or ethically.

During the hearing it appeared and I find, that in the process of the County Attorney's keeping the Court informed of the status of the criminal docket, and the Haller case, he did disclose to the presiding Justice in the absence of the petitioner and his counsel the 'sex statement'.

It is found that such ex parte disclosure of facts relative the conduct of the petitioner toward the victim of his kidnapping occurred after arraignment of the petitioner and before sentence. It is found that prior to sentence, both petitioner and defense counsel were aware that the 'sex statement' had been disclosed to the presiding Justice.

While such ex parte disclosure is not to be approved, in this case it has no relevance to the petitioner's conviction. Its relevance, if any, bears only upon the court's exercise of its discretion in imposition of sentence, as to which the presiding Justice as a witness could ascribe no significance."

The Justice below entered judgment dismissing the counts relating to the constitutional issues and affirming the conviction for kidnapping.

The entry will be: Appeal by Petitioner denied; Appeal by Respondents denied.

MARDEN and WEATHERBEE, JJ., did not sit.