**STATE of Maine**

v.

**Rodney A. HARRIMAN.**

Supreme Judicial Court of Maine.

Dec. 11, 1969.

John B. Wlodkowski, Sp. Asst. Atty. Gen., Augusta, for plaintiff.

Rudman, Rudman & Carter, by Gene Carter, Bangor. for defendant.

Before WILLIAMSON, C. J., and WEB-BER, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal arising from the following facts which are agreed upon:

On November 3, 1967 the appellant appeared before the District Court, with counsel, to answer to 4 charges originating from incidents on the night of October 31, 1967. These charges were:

a) For operating a motor vehicle under the influence of intoxicating liquor (OUI), (29 M.R.S.A. § 1312).

b) For assault on Police Officer E, (17 M.R.S.A. § 2952).

c) For assault on Police Officer W, and

d) For breaking arrest (17 M.R.S.A. § 1405).

The District Court permitted the entry of a nolle prosequi as to the charge OUI, entered a dismissal of the complaint for breaking arrest and upon entry of a plea of guilty by his counsel to each of the charges of assault upon an officer, appellant was sentenced to 90 days in the County Jail, the sentences to run concurrently.

To these sentences an appeal was taken to the January Term 1968 of the Superior Court.

Before the Superior Court, appellant, with new counsel, filed a motion for leave to change his guilty plea on the two charges for assault to ones of not guilty, contending that "he was not present during any part of the conference" during which the pleas of guilty were entered. The Superior Court entered no formal ruling on the motion to change plea, but commented "that under the circumstances the only fair thing to do was to start over again." Defense counsel made it clear that he waived no rights.

The following day the Grand Jury was called back to consider a felony charge in no way identified with appellant's case, and while in session returned 4 indictments against the appellant, for the same offenses charged in the original complaints. Appellant moved to dismiss these indictments for reasons preserved within his points of appeal. The motions to dismiss were denied, the trial proceeded upon all four charges upon pleas of not guilty, and verdicts of guilty were returned. Defendant's motion for acquittal notwithstanding the verdict was granted on the charge of assault on Officer W.

■ The appeal brings for review the convictions for assault upon Officer E, for OUI, and for breaking arrest. Aggrievement is expressed in 7 points only, 4 of which are briefed, by virtue of which the others are held to be waived. A. E. Borden Co., Inc. v. Wurm, Me., 222 A.2d 150 [1], 152.

The 4 issues upon which appellant seeks review are as follows:

"1. Whether a plea of guilty to a criminal charge in a court of competent jurisdiction operates as a conviction precluding further criminal prosecution for the same crime in another court?

"2. Whether an indictment for breaking arrest which fails to allege the authority of the officer, and which fails to allege sufficient facts to show the lawfulness of the arrest is sufficient to withstand a motion to dismiss for failure to state a crime?

"3. Whether a judgment of conviction for breaking arrest can be sustained where the State fails to prove the authority of the arresting officer?

"4. Whether a delay of two months in instituting criminal proceedings against an accused is an unnecessary delay once an identical action has been commenced and then dismissed by the State?"

■ Of these 4, number 3 was not included in the points of appeal and no point of appeal fairly discloses appellant's inten-

tion to urge that issue. Point 3 is not to be considered. Rule 39 M.R.Crim.Proc. (Rule 74(d) M.R.C.P.).

### Point 1, Double Jeopardy

■ Jeopardy attaches in a non-jury case when the accused is brought to trial upon a sufficiently pleaded charge before a court of competent jurisdiction and the court begins to hear evidence. See 21 Am. Jur.2d Criminal Law § 175, and State v. Slorah, 118 Me. 203, 208, 106 A. 768, 4 A. L.R. 1256. Our District Court is a non-jury court. It had jurisdiction of the party and the subject matter.

"A plea of guilt is in itself a conviction. It is as conclusive as a verdict of a jury. The Court has nothing to do but give judgment and sentence. * * * 'The sentence is the judgment.'" Jenness v. State, 144 Me. 40, 44, 64 A.2d 184, 186.

■ Under such circumstances, an appeal stays the execution of sentence, Rule 38 District Court Crim.Rules, and this appellant stood before the Superior Court convicted, by his plea, of assaults on Officers E and W, and sentence stayed. This conviction stood until the Superior Court upon appeal should allow him to withdraw his plea of guilt,—which withdrawal was not granted.

"Generally, a former conviction by a plea of guilty is held a sufficient basis to sustain a defense of double jeopardy in a subsequent prosecution for the same offense." 75 A.L.R.2d 683, § 3, page 686, from

which see Commonwealth v. Goddard, 13 Mass. 455 (1816) and Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883).

This constitutional safeguard against a person's being twice put in jeopardy for the same offense was here properly invoked and the indictments charging the appellant with assaults upon Officers E and W were erroneously prosecuted. The appeal from the denial of the motion to dismiss these indictments is sustained.

### Point 2, Sufficiency of Indictment for Breaking Arrest

■ The reference indictment reads as follows:

"That on or about the thirty-first day of October, 1967 in the Town of Searsport, County of Waldo, and State of Maine, the above named defendant Rodney A. Harriman, after being then and there placed under arrest by Charles J. Erickson, Jr. for the offense of operating a motor vehicle while under the influence of intoxicating liquor, did then and there break arrest, the said Charles J. Erickson, Jr. being then and there a police officer duly authorized to make arrests and the said Rodney A. Harriman being then and there in the lawful custody of the said Charles J. Erickson, Jr."

Its sufficiency is attacked for two reasons:

1) The authority of the officer is not alleged, and

2) the lawfulness of the arrest is insufficiently pleaded.

Appellant premises his criticism of this indictment upon decisions[1] to which we take no exception. All of them, however, turned upon pleading measured by common law standards, the traditional technicalities of which were abrogated by the adoption of our Maine Rules of Criminal Procedure effective December 1, 1965. Presently the charging instrument needs only to plainly, concisely and definitely allege "the essential

---

I. Smith v. State, 145 Me. 313, 75 A.2d 538 (1950); State v. Houde, 150 Me. 469, 114 A.2d 366 (1955); State v. Ward, 156 Me. 59, 158 A.2d 869 (1960);

State v. Couture, 156 Me. 231, 163 A.2d 646 (1960); and Pease v. Pease, Me., 220 A.2d 491 (1966, but ruling upon a 1964 complaint).

facts constituting the offense charged." Rule 7 M.R.Crim.Proc.

An insufficient indictment will not withstand a motion to dismiss but this indictment meets the test and as to it, the appeal is denied.

### Point 4, Speedy Trial

The law is clear that appellant's constitutional right to a speedy trial, Maine Constitution Article I, § 6, (upon the charge of breaking arrest), and reflected in Rule 48(b)[2] M.R.Crim.Proc. has not been violated unless the previous dismissal at District Court level is significant.

■ His right to a speedy trial does not exist until he is charged with an offense. State v. Couture, 156 Me. 231, 244, 163 A.2d 646; State v. Boynton, 143 Me. 313, 323, 62 A.2d 182; Bruce v. United States, 351 F.2d 318, [2,3] 320 (5 CCA 1965) cert. den. 384 U.S. 921, 86 S.Ct. 1370, 16 L.Ed.2d 441, reh. den. 384 U.S. 958, 86 S.Ct. 1575, 16 L.Ed.2d 553 (under Federal Constitution 6th Amendment and Rule 48(b) Federal Rules Criminal Procedure, from which latter our Rule 48(b) is derived, in substantially the same terms). The right may be waived by the accused's failure to assert it. *Boynton, supra,* 143 Me. at page 323, 62 A.2d 182; *Bruce, supra,* 351 F.2d [2,3] at page 320 (delay of seven years).

■ For an offense allegedly committed on October 31, 1967 appellant was charged on November 1, 1967 and faced with trial on November 3, 1967 at which time the charge was "dismissed as covered by another complaint." Such dismissal is au-

thorized, is "without prejudice and does not prevent the reinstitution of the criminal proceeding against the defendant." Rule 48(a)[3] District Court Criminal Rules, Rule 48(a) M.R.Crim.Proc. and § 48.1 Maine Practice, State v. Kopelow, 126 Me. 384, 386, 138 A. 625. Appellant was indicted January 4, 1968 for the same offense, was tried and convicted between that date and January 9, 1968 when notice of appeal was filed. No criticism of the promptness with which trial was given, is justified.

With the dismissal on November 3, 1967 appellant stood uncharged and so remained until January 4, 1968. During that interim there was nothing upon which he could have been tried. He was in a position, not unlike Boynton in *Boynton, supra,* wherein it was held that a delay from October 2, 1947 to January 9, 1948 in filing a complaint was not unreasonable and the Court said (143 Me. page 322, 62 A.2d page 188):

> "The only bar because of lapse of time, to the institution of proceedings * * * is the statute of limitations." (Six years, 15 M.R.S.A. § 452).

See also Sanchez v. United States, 341 F.2d 225 [3] II, 227 (9 CCA 1965), where a February violation was charged in September.

Appellant takes nothing by this point of appeal.

As to claim of double jeopardy on the charge of assault, appeal sustained.

As to sufficiency of indictment and claim of denial of speedy trial on breaking arrest, appeal denied.

POMEROY, J., did not sit.

---

2. "*(b) By Court.* If there is unnecessary delay * * * in bringing a defendant to trial, the court may upon motion of the defendant dismiss the indictment, * * *."
District Court Criminal Rule same in pertinent respects.

3. "*(a) By Attorney for the State.* The attorney for the state may with written leave of the court file a written dismissal of a complaint setting forth the reasons for the dismissal and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."
M.R.Crim.Proc. Rule same in pertinent respects.