# Benjamin G. Campbell & *al. vs.* Joseph Thompson.

In an action for a quantity of tin ware, where the defendant justified the taking as a justice of the peace, under *stat.* 1821, *c.* 71, against hawkers, pedlers, &c., the person from whose possession the property was taken, if not interested, is a competent witness for the plaintiff, although a complaint is pending against him for the penalty.

And if the defendant object generally, that the witness is inadmissible from interest, and the plaintiff then release all claim upon him for the property in controversy, and he is then admitted, and he afterwards on the examination, states, " that he was hired by the plaintiff by the month, and was to be paid in proportion to his earnings," this is not such interest as will render him incompetent.

But if an interest had been disclosed, the defendant should have renewed his objection, when the witness made such statement, and cannot take advantage of it on his first objection.

A justice of the peace has no power to secure and detain articles, liable to detention under that statute, until after a complaint made under oath.

Where the complaint and the detention are on the same day, parol proof is admissible to show, that the detention was prior to the oath.

Whether a trial shall be postponed on account of the absence of a witness, or shall proceed, rests in the discretion of the Judge; and the refusal to postpone presents no cause for a new trial.

Where criminal prosecutions originate, under a statute, *on complaint*, one under oath or affirmation is implied, as a part of the technical meaning of the terms.

The *stat.* of 21 *James* 1, *c.* 12, requiring actions against magistrates for acts done under colour of their office to be brought in the county in which they live, is not in force here.

Trespass to recover the value of certain tin ware, alleged to have been the property of the plaintiffs and to have been taken and converted by the defendant, *Oct.* 8, 1835. The defendant shew that he was a justice of the peace for the county of *Waldo*, and justified the taking under the *stat.* 1821, *c.* 171, " against hawkers, pedlers, and petty chapmen." At the trial before Emery J. the plaintiffs offered as a witness, one *Barker*, the driver of the cart in which the tin was when taken by the defendant. To his admission the defendant objected, because the witness had the tin in his custody, and had been complained of, and because of his interest. The plaintiffs released *Barker* from all claims against him for the property in controversy, and he was admitted to testify.

The whole testimony in the case is given in the report, from which it would seem, that on the cross examination of *Barker*, he was asked what amount of tin he had sold before it was taken by the defendant, which the witness declined to answer, because it might be prejudicial to him on the trial of a complaint then pending against him before the defendant for selling without license, and the Judge ruled, that he was not obliged to answer. The witness also stated on cross examination, " that the plaintiffs hired him by the month, no stated price agreed, witness left it to them to give him what he earned, that he was to be paid in proportion to his earnings." The plaintiffs resided at *Bangor*, and the tin ware was sent out by them for sale by *Barker*, in a cart owned by plaintiffs, drawn by a horse owned by *Barker*, and that the tin was seized at *Frankfort*, in the county of *Waldo*, by the defendant, on the same day that a complaint was made to him against *Barker* by one *Watson*, for selling without license. No license was shown, nor did the name of the plaintiffs appear upon the cart. *Barker's* name was on the cart printed upon tin.

The counsel for the defendant, requested the Judge to instruct the jury, 1. That if they were satisfied, that the plaintiffs had no license for selling and peddling tin ware, and that the articles sued for, were sent out by them to be sold by a pedler, that this was contrary to law, and that the goods were forfeited, and that the plaintiffs could not recover therefor in this action. 2. That if the defendant, in his character as a justice of the peace, upon a complaint made to him under oath did issue a warrant, and did stop said property and detain it for the purpose of abiding the decision of the court on said process, and if there was no evidence that the defendant appropriated any part to his own private use, that this action being commenced after this complaint was made, is not maintainable. 3. That this action, being commenced for acts done officially as a justice of the peace in the county of *Waldo*, could not be supported in this county. 4. That by the statute, the defendant was authorized to detain the property, to abide the final decision of the Court on the process.

The Judge declined to give the first instruction requested. He did not give the second precisely as requested, but did direct the jury that if from the evidence they were satisfied, that the seizure

was made before the oath was administered to the complainant, about which they would carefully examine, the action was maintainable. He declined to give the third. As to the fourth requested instruction, the Judge declined giving it precisely as stated, but instructed the jury, that if from the evidence they believed, that the defendant had received the evidence of the complaint of the offence against the statute alleged, under oath, previous to the seizure and detention of the property, about which they would carefully examine, they might find a verdict for the defendants, otherwise for the plaintiffs. The jury found a verdict for the plaintiffs, and also found that the oath was not made before the property was seized.

There was also a motion for a new trial filed, because the Judge refused to postpone the trial of the cause, on account of the absence of a material witness, whose attendance the defendant had unsuccessfully endeavored to procure.

*E. Brown*, for the defendant, argued in support of the various grounds taken in defence at the trial, and contended that *Barker*, the witness, was interested, and that the instructions given were erroneous, and that there was error in putting the whole case to the jury on the single question, whether the oath was or was not before the seizure of the goods. He cited 3 *Stark. Ev.* 1741 ; *Stat.* 1821, *c.* 71 ; *Bull* v. *Loveland,* 10 *Pick.* 9 ; *Crowell* v. *McFaden,* 8 *Cranch,* 94 ; 1 *Esp. N. P.* 338 ; 1 *Mass. R.* 59 ; *Stat.* 1821, *c.* 76.

*Cutting* argued for the plaintiffs, and cited *Const. of Maine, art.* 1, *sec.* 6; 10 *Petersdoff's Ab.* 300 ; *Amendment of Con. U. S. art.* 4 ; *Con. of Maine, art.* 1, *sec.* 5 ; *Butler* v. *Ricker,* 6 *Greenl.* 268 ; *Pearce* v. *Atwood,* 13 *Mass. R.* 355.

The opinion of the Court was drawn up by

Weston C. J. — The prosecution criminally of the witness, *Lewis Barker*, did not render him incompetent in this suit. That prosecution is not liable to be affected by the result of this action. The witness has no claim to be acquitted, because the justice may not be able to sustain his justification here. Another objection to the witness, was based upon what was said at the trial, by the opening counsel for the plaintiff. What that statement was, does

not appear. After the objections were overruled, and the witness admitted, he testified, that he was hired by the plaintiffs by the month, and was to be paid in proportion to his earnings. If it was believed by the counsel for the defendant, that this fact rendered the witness incompetent, he should have renewed his objection, and requested the judge to rule distinctly upon this point.

Objections of this sort, if not taken at the trial, are considered as waived, because if taken, they may often be obviated and removed. But if now open, no interest in the witness is proved. It does not appear, that his compensation was to depend upon the profits, the plaintiffs might ultimately realize in this branch of their business. Whether he earned more or less, would more obviously depend upon his diligence and fidelity. He did not undertake to be responsible for losses, to which the plaintiffs might be subjected by exposing their property to legal forfeiture. To exclude the witness, the interest should be shown affirmatively; and in our judgment it has not been proved, that the compensation of the witness is subject to be increased or diminished, by the judgment, which may be rendered in this action. It may further be matter of grave consideration, whether the results of a traffic, carried on in violation of law, can furnish the basis of an action for either against the other.

The jury have found, that the seizure of the plaintiffs' ware by the defendant, was prior to any complaint being made to him on oath. We entertain no doubt it was a fact properly submitted to their consideration, although the seizure and the complaint were made on the same day. Proof of the priority of the seizure, does not contradict the complaint or warrant. Where criminal prosecutions originate upon complaint, one made under oath or affirmation is implied. This may fairly be understood as a part of the technical meaning of the term, whenever used in a statute, providing for the prosecution of an offence in that mode. By *art.* 1, *sec.* 5, of the constitution, no warrant can issue to seize either person or thing, unless upon complaint, supported by oath or affirmation. The right to seize depended entirely upon the statute, and it is authorized only upon complaint. In *Crowell et al.* v. *McFaden,* 8 *Cranch,* 94, the collector was justified in detaining a vessel, if in his judg-

ment, there was an intention to evade the embargo laws. This course of proceeding was not there, as it is here, made to depend upon a previous complaint.

As to the point taken, that the action is brought in the wrong county, the statute of 21, *James* 1, *c.* 12, upon which it is founded, is not in force here. *Pearce* v. *Atwood*, 13 *Mass. R.* 324.

*Judgment on the verdict.*

With regard to the motion for a new trial, because the defendant could get no postponement on account of the absence of a witness, it rested in the discretion of the Judge, and does not present a ground for our interference.

*Motion overruled.*