# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1854, AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW,
Hon. BENJAMIN F. THOMAS,  } Justices.
Hon. PLINY MERRICK,

---

### Austin B. Tuttle vs. Commonwealth.

A sentence to an increased penalty, imposed by statute upon a second conviction, cannot be rendered, except upon allegation in the indictment, and upon proof, of a prior con viction; and a sentence to such a penalty on the second of two counts in the same in dictment, upon the conviction of the defendant upon both counts, is erroneous.

A defendant, convicted upon three counts in an indictment, each charging him with a sale of intoxicating liquor, in violation of *St.* 1852, *c.* 322, § 7, is to be sentenced to a fine of ten dollars upon each count, and to give bond to the Commonwealth, not to violate, within one year, any law concerning the sale of spirituous and intoxicating liquors.

Shaw, C. J. This is a writ of error to reverse a judgment of the court of common pleas for this county, at January term 1854, by which the plaintiff in error was convicted and sen-

tenced under the law respecting the sale of spirituous and intoxicating liquors, *St.* 1852, *c.* 322. The indictment contained seven counts, each charging the sale of one gill of intoxicating liquor without license. The party was found guilty by the jury on three counts of the indictment, and not guilty on the other four. On the first of the three counts, he was sentenced to pay a fine of $10 and costs of prosecution; on the second count, to pay a fine of $20 and costs; and on the third count, to pay a fine of $20 and costs, and to three months' imprisonment.

These sentences, it is manifest, were passed in the same manner as if there had been three distinct convictions, upon three several indictments; the first charging the defendant with a single act of selling under § 7 of *St.* 1852, *c.* 322; the second charging him with a single act of selling, he having been previously once convicted of a like offence; the third charging him with a single act of selling, he having been twice previously convicted of a like offence.

This judgment, we think, was erroneous. When the statute imposes a higher penalty upon a second and a third conviction, respectively, it makes the prior conviction of a similar offence a part of the description and character of the offence intended to be punished; and therefore the fact of such prior conviction must be charged, as well as proved. It is essential to an indictment, that the facts constituting the offence intended to be punished should be averred. This is required by a rule of the common law, and by our own Declaration of Rights, art. 12. It is not enough for the judge, when proceeding to pass sentence on the second count, to know, from the record before him, that the party has just been convicted on a prior count; he knows equally that this was not true, and could not have been truly averred, when the indictment was found.

And we think the necessity of averring the prior, or two prior convictions, in case of the charge of a second or third offence, is required by a clear implication in the statute itself. Section 18 of the statute provides, that "in any suit, complaint or indictment, or other proceeding against any person for a viola-

tion of any of the provisions of this act, other than for the first offence, it shall not be requisite to set forth particularly the record of a former conviction, but it shall be sufficient to allege briefly that such person has been convicted of a violation of the seventh section of this act, or as a manufacturer, or common seller, as the case may be ; and such allegation, in any civil or criminal process, in any stage of the proceedings, before final judgment, may be amended without terms, and as matter of right." The provision, that such record need not be stated particularly, but may be stated briefly, implies that, if relied on, with a view of charging the defendant with the higher penalty, it must be stated.

Each of the offences, charged in these counts, was a substantive charge of the offence of selling, without the aggravation of having been convicted of a prior offence ; and therefore, by the statute, rendered the party amenable to a fine of $10, which the statute imposes upon such offence, without the aggravation. This judgment, therefore, is erroneous. *Judgment reversed.*

*W. C. Endicott,* for the plaintiff in error.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

The attorney general then moved that the plaintiff in error might be sentenced in this court, pursuant to *St.* 1851, *c.* 87 ; and suggested as a reason for rendering sentence here, instead of remanding the case to the court of common pleas, that doubts had been entertained as to the form of sentence required by the provision of *St.* 1852, *c.* 322, § 7, that any person, who shall sell any spirituous or intoxicating liquor in violation of the provisions of this act, " shall forfeit and pay, on the first conviction, ten dollars and the costs of prosecution, and shall stand committed until the same be paid, and shall be required to give bonds in a sum of not less than one thousand dollars, that he will not, within one year from such conviction, violate any law of the Commonwealth concerning the sale of spirituous or intoxicating liquors."

*O. P. Lord,* for the plaintiff in error, suggested two doubts on the construction of this provision : 1st. Whether more than one fine could be imposed " on the first conviction," although upon

several counts, especially as it did not appear but that they were different modes of stating the same offence; 2d. Whether the bond should be given to the Commonwealth; or to the city or town or county, as in the case of bonds of town agents or licensed manufacturers; § 8 providing that any forfeiture or penalty arising under § 7 may be recovered in an action of debt, brought in the name of the city or town where the offence was committed.

But THE COURT held, that under the final clause of § 7, providing that " two or more acts of violation of the provisions of this section may be alleged in the same complaint or indictment, and be tried at the same time; and conviction thereon, or on any of them, shall operate upon the defendants in the same manner as if the actions had been upon separate complaints, and the convictions had at separate trials," the plaintiff in error should be sentenced to a fine of ten dollars on each count; and further ordered him to give bond to the Commonwealth.