## In the Matter of William P. Buddington.

*Prohibitory liquor law : Penalty : Criminal proceedings : Jurisdiction : Justice
of the peace.*  Proceedings under the prohibitory liquor law (*Comp. L.*, § 2138),
for a violation of the provision against selling intoxicating liquors, are not
criminal proceedings, and the statutory provision as to the general criminal
jurisdiction of justices does not operate as a limit to their jurisdiction as ex-
pressly given under the liquor law; and the jurisdiction conferred by this act
is sustained as within the constitutional limits.

*Mittimus : Third offense : Statute construed.*  A mittimus which recites a con-
viction for "the third offense of selling," etc., is not open to the objection
that it does not fairly import that the prisoner had been twice before convict-
ed of a similar offense; the expression "third offense," as used in the statute,
signifies the third offense which has been legally ascertained and determined,
and in that sense is equivalent to "third conviction;" and the justice cannot
be required to be any more technically accurate in the use of terms in his
mittimus than the statute itself.

*Circuit court commissioner : Habeas corpus : Judicial power.*  A circuit court
commissioner has no authority under our constitution to issue the writ of
*habeas corpus,* where the inquiry contemplates the review or investigation of
the proceedings of a judicial tribunal; and proceedings had in such a case be-
fore a commissioner, being void for want of jurisdiction, would be no bar to
like proceedings before the supreme court.

*Constitutional law : Statute construed : Judicial power : Habeas corpus : Circuit
court commissioners.*  The statute authorizing commissioners to issue this writ
must be construed, in connection with the constitutional provision (*Art. VI.,*
§ 1) vesting the judicial power in certain courts specified, as authorizing the
issue of the writ by these officers in such cases only as are not embraced
within the reason of the inhibition involved in this provision of the constitu-
tion.

*Circuit judges : Habeas corpus : Proceedings out of court.*  Whether, where the
whole power of the circuit court is conferred upon the circuit judge, he has
not authority to hear proceedings on *habeas corpus* while not holding regular
sessions of court, as well as in open court:—*Quære?*

Heard July 9.          Decided July 10.

Proceedings on *habeas corpus.*

The return of Miron Bunnell, sheriff of Bay county, to the writ of *habeas corpus*, sets forth that the prisoner was held in custody by virtue of a commitment issued by Russell D. Black, justice of the peace for Tuscola county, in an action of debt, brought and prosecuted in the name of the people on the complaint of Benjamin A. Wood, "for the third offense for selling spirituous or intoxicating liquors," etc., in violation of section three of the prohibitory liquor law, which recited that said prisoner was convicted in such action, and that upon such conviction "for said third offense," the said justice adjudged that for said offense said Buddington should forfeit and pay the sum of one hundred dollars and costs of suit (taxed at the sum of twenty dollars), and should be imprisoned in the county jail of said county three months; and also that on June 22, 1874, the prisoner was brought before John L. Stoddard, a circuit court commissioner for Bay county, upon a writ of *habeas corpus* issued by said commissioner, to which the return was the same as that now made to this writ, and that after a hearing upon such return the commissioner ordered the prisoner remanded into custody.

*George W. Mann,* for petitioner, moved upon this return for the discharge of the prisoner, insisting that the commitment was invalid: *First,* Because it does not show that the conviction was the third conviction of the prisoner for a similar offense; *Second,* That the justice had no jurisdiction to try and sentence a party charged with having committed a third offense under the act in question, for the reason that the sentence provided for such offense exceeds his general criminal jurisdiction.

*Isaac Marston, Attorney General,* for the People, claimed, among other things, that the hearing and determination before the commissioner was a bar to this proceeding.

THE COURT held that proceedings under this statute are not strictly criminal in their nature; that the provision of

29 MICH.—60.

the statute as to the general criminal jurisdiction of a justice of the peace does not operate as a limit to his jurisdiction as expressly given by the act in question, which stands by itself and relates to a special proceeding; that as there is no constitutional provision limiting the jurisdiction, which this act infringes, the legislature had authority to confer the jurisdiction upon a justice of the peace, and to regulate the extent of punishment to be inflicted under these special proceedings, as they have expressly done by the statute in question.

The objection that the mittimus does not show that the offense charged was one authorizing the sentence, for the reason that it does not fairly import that the prisoner had been twice before convicted of a similar offense, is not well taken. The word "offense" and the expression "third offense" are so used in the statute in different connections as to signify that what is intended is an "offense" or the "third offense" which has been legally ascertained and determined, in which sense the term "third offense" is equivalent in meaning to the term third conviction for a similar offense; and the justice cannot be required to be any more technically accurate in the use of terms than the statute itself.

The proceedings before the commissioner are no bar to these proceedings. Whether they would be in a case of which the commissioner had jurisdiction and authority to determine need not be considered. But under our constitution a circuit court commissioner has no authority to issue a writ of *habeas corpus* where the inquiry contemplates the review or investigation of the proceedings of a judicial tribunal; since this involves the exercise of judicial power in its strict legal sense, which under the constitution can be conferred only upon courts; and would in effect give the commissioner appellate jurisdiction.

The question whether the statute authorizing commissioners to issue the writ of *habeas corpus* conflicts with the constitution is not involved; for construing the statute in

connection with the constitutional provision, it will be understood as authorizing the issue of the writ by these officers in such cases only as are not embraced within the reason of the inhibition involved in the provision of the constitution.

Nor is the question of the authority of circuit judges to hear proceedings on *habeas corpus* while not holding regular sessions of court involved; since, where the whole power of the court is conferred upon the judge, it is questionable, at least, whether he has not authority to act in the premises at other times as well as in open court, the action being that of the individual in whom is vested for the time being the whole judicial power and authority of the court.

The prisoner is remanded into custody.