[No. 8066.]

## SCAVARDA V. THE PEOPLE.

1. CRIMINAL LAW—*Second Offense.* The phrase "subsequent violation of the act" in Rev. Stat. § 4108 means "second conviction". There is no impropriety in proceeding against the offender by an information in two or more counts for different violations of the statute.  (543)

2. CONVICTION—*Construed.* Separate counts, conviction under each and judgment imposing a fine and imprisonment for fifteen days under the first count, and imprisonment only, for the same period, under the second count, "concurrently" with that imposed under the first. *Held* that the judgment under the second count added nothing to the punishment under the first, save in name.  (542)

3. EVIDENCE—*Competency.* Information for the sale of liquors in anti-saloon territory. Defendant offered the lease under which he occupied the premises. It contained a clause to the effect that defendant should not sell intoxicating liquors without the written permission of the landlord, and defendant offered to prove that no such permission had been requested or granted. *Held* properly excluded.  (543, 544)

*Error to Fremont County Court.*—Hon. JAMES L. COOPER, Judge.

Mr. JOSEPH H. MAUPIN, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, and Mr. FRANK C. WEST, Assistant Attorney General, for the people.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error was convicted on two counts of an information; the first charged him with the sale of beer, etc., in antisaloon territory; the second, with the sale of whisky, etc., within the same territory. Both offenses were charged to have been committed on the same date. Separate verdicts were returned. On the first, a sentence of fifteen days imprisonment and a fine of $100 was imposed. On the second, fifteen days imprisonment

was fixed as the penalty to run concurrent with that imposed under the first count.

Several errors are assigned. The first group, in substance, is, that the court was without authority to instruct, and the jury was without authority in law to return a verdict on both counts; that the court was without jurisdiction to receive such verdicts and enter judgments thereon. It is claimed that if the sales charged constitute two separate offenses, as it is alleged the court instructed, that the defendant could not be tried therefor in one action, for the reason that the penalty provided for a second violation is different from that for a first, and in such case it would be necessary that the information charging a second offense contain appropriate allegations to be supported by evidence that the accused had been previously convicted of a first offense, etc., for which reason in this respect there was a misjoinder of offenses in the information. It is also claimed, if the two counts constitute but one offense that the jury had no right to return a separate verdict of conviction for each count and that the court was without authority to render two judgments against the defendant. Numerous authorities are cited which it is claimed sustain the contention that the judgment should be reversed, regardless of which position is assumed.

There was no attempt to impose a penalty upon the plaintiff in error as provided for a second conviction, and it is questionable if he has any right to complain concerning the punishment at all, for the reason that the one imposed under the second count was fifteen days imprisonment, to run concurrent with that under the first count, and hence added nothing to his punishment except in name. The act under consideration, section 4108, Revised Statutes 1908, provides that any person convicted of a second or any subsequent violation of the provisions of the act, shall, upon conviction thereof, be fined not less than $200 nor more than $500, and be imprisoned in the county jail for not less than thirty nor more than ninety days. This count does not appear to have had oc-

casion to pass upon this question heretofore, though some other states, where somewhat similar language is contained in their statutes, have given it consideration.

In *Carey v. State*, 70 Ohio St. 121, 70 N. E. 955, the information contained three counts of the sale of intoxicating liquor to different persons on the same day, but it did not allege previous convictions; held, in legal effect a charge of a first offense only. In commenting upon the subject, at page 124, the court says:

"The term 'offense' in the statute embraces the entire charge though there may be a number of counts. The provision as to punishment is that the convicted party shall 'be fined not more than two hundred dollars nor less than fifty dollars for the first offense, and shall for a second offense be fined not more than five hundred dollars nor less than one hundred dollars, and for any subsequent offense be fined not less than two hundred dollars and be imprisoned not more than sixty days and not less than ten days.' The manifest purpose is to increase the penalty for offenses after the first because the party has persisted in violating the law. With this purpose in mind it seems clear that the term 'second offense' means second conviction. Hence, as this was the first trial for the violation of the law there could be no imprisonment as part of the sentence."

To the same effect is *Tuttle v. Commonwealth*, 2 Gray. 68 Mass. 505, where the question was gone into fully and the same result reached, as is also the ruling in *Matter of Buddington*, 29 Mich. 472; from the reasoning of all of which it follows that for the purposes of the penalty to be imposed the defendant was being tried for his first offense under the local option statute, for which reason there was no misjoinder in the causes of action or the instructions pertaining thereto, or verdicts rendered thereon.

Over the people's objection the plaintiff in error was permitted to introduce in evidence the lease under which he held the premises in which the alleged sales were made. It contained a clause to the effect that he was not authorized to sell, or allow to be sold, on the prem-

ises any intoxicating liquors without permission in writing from the lessor. He next sought to show by the lessor that no such permission had been asked or granted, to which objections were sustained. We find no error in this respect. Eliminating the question of its being self-serving, it was immaterial to the issue being tried, as was the lease itself. The same may be said of rejected testimony offered to show that the plaintiff in error, who was a postmaster, had invited inspection of his premises by a post office inspector.

Perceiving no prejudicial error the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.