STATE OF MAINE

*vs.*

WALTER E. CHAPMAN, APLT.

York.   Opinion, May 19, 1958.

*Marcel R. Viger, Co. Atty.,* for State.

*Charles W. Smith,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ.  BELIVEAU, J., sat at argument but retired before the opinion was adopted.

SULLIVAN, J.  The respondent was arrested upon a complaint and warrant.  On arraignment before a Trial Justice he pleaded not guilty.  After a hearing he was adjudged

guilty and appealed. Subsequently, in the Superior Court the State in writing moved to amend the complaint. The motion was subscribed by the original complainant but bore no verification by affidavit or affirmation.

The original complaint had charged that the respondent

"- - - did then and there unlawfully have a pistol with one cartridge in the chamber and eight cartridges in the clip, in a certain motor Vehicle, to wit, an automobile, the said Walter E. Chapman then and there not being a law enforcement officer in line of duty - - -"

The motion to amend prayed that the complaint be changed to read as follows:

"- - - did then and there unlawfully have a pistol *with a barrel length of over four (4) inches, to wit six and three quarter (6¾) inches,* with one cartridge in the chamber and eight cartridges in the clip, in a certain motor vehicle, to wit, an automobile, the said Walter E. Chapman then and there not being a law enforcement officer in line of duty." (Words added by amendment italicized.)

The Superior Court Justice presiding allowed the amendment. The respondent seasonably excepted and now prosecutes his exceptions. Amongst his stated grievances the respondent protests that the motion "does not show or set forth an examination under oath, or any verification thereof."

Mere inspection of the motion is sufficient to corroborate that additional data not recited in the initial complaint were asserted as facts in the renovated accusation.

The statute which it was purposed to accuse the respondent of violating, in its parts pertinent here, read as follows:

"- - - It shall be unlawful for any person excepting a law enforcement officer while in the line of duty,

or persons licensed as provided in section 19 of chapter 137 to have in or on a motor vehicle or trailer any firearm with a cartridge or shell in the chamber, magazine, clip or cylinder; provided further, that no person except a law enforcement officer in the line of duty may have in or on any motor vehicle or trailer any loaded pistol or revolver with a barrel length of over 4 inches. The word 'firearm' shall include all instruments used in the propulsion of shot, shell or bullets by the action of gunpowder exploded within it - - -" R. S. (1954) c. 37, § 78.

An offense against the foregoing statute is a misdemeanor. R. S. (1954) c. 37, § 139; P. L. 1957, c. 392, § 35; *Smith Petr.* v. *State,* 145 Me. 313, 326.

The statute authorizing amendments to criminal complaints is as follows:

"- - - and any criminal process may be amended, in matters of form, at any time before final judgment. Any complaint, indictment or other criminal process for any offense, except for a felony, may be amended in matters of substance, provided the nature of the charge is not thereby changed." R. S. c. 145, § 14.

Article 1, Section 5 of the Declaration of Rights in the Constitution of Maine is as follows:

"The people shall be secure in their persons, houses, papers, and possessions from all unreasonable searches and seizures; and *no warrant to* search any place, or *seize any person* or thing, shall issue without a special designation of the place to be searched, and the person or thing to be seized, nor without probable cause—*supported by oath or affirmation."* (emphasis supplied)

In furtherance of such organic law we have this statutory provision:

"When complaint is made to any municipal judge or trial justice charging a person with the com-

mission of an offense, he shall carefully examine, *on oath,* the complainant, the witnesses by him produced and the circumstances and, when satisfied that the accused committed the offense, shall, on any day, Sundays and holidays not excepted, issue a warrant for his arrest, stating therein the substance of the charge. - - -" (emphasis supplied) R. S. (1954) c. 146, § 13.

In *State* v. *Haapanen* (1930) 129 Me. 28, 30, this Court said:

"- - - Where criminal prosecutions originate, under a statute, on complaint, one under oath or affirmation is implied. Campbell v. Thompson, 16 Me. 117. On appeal, in usual course, the plea entered below stands, and trial is anew."

In *Beale: Criminal Pleading and Practice,* P. 9, we find:

"The object of requiring the prosecution to be upon oath is to protect innocent men against frivolous and ill-considered charges of crime. - - -"

This Court stated in *State* v. *Smith,* (1866) 54 Me. 33, 38:

"As a general rule, criminal processes cannot be amended except by consent of the party against whom it (sic) is issued. This is a rule existing from necessity; all criminal proceedings being required to be presented under the oath of the party presenting it. (sic) If a complaint duly sworn to should be changed after it was issued, it would no longer be the complaint of the party verified by his oath. - - - This rule applies only to such matters as are required to be stated under the oath of the party making the complaint or presentment; —as to all other matters, they are subject to such rules of practice as long experience has shown are calculated to promote justice."

The complaint in the case at bar was criminally innocuous in its context as it read when filed with the Trial Justice. The additionally alleged facts, supplied as novel matter by the amendment, were indispensable to constitute the grava-

men of an offense under the statute invoked. There can be no essential difference between accusations made in an original complaint and accusatory factual assertions later added by amendment to the complaint so far as the sanction of an oath required by our Constitution and our statute is concerned. The same inviolable right of the respondent is affected in the same manner by the latter and added charges as by the former. The deterring influence of the purgative of an oath upon a revised complaint is just as imperative to keep impregnable a respondent's rights as it is upon the original complaint.

> "In Moore v. State, 165 Ala. 107, 51 So. 357, the court said: 'We think it is not permissible for a solicitor to put into an affidavit made by another person, by way of amendment, without the consent of defendant, any matter that is material to its validity. There are but two ways of bringing a defendant before the court for trial. One is by the indictment of a grand jury upon the sworn evidence of witnesses before it, and the other is upon an affidavit made by some person before a proper officer and a warrant of arrest issued thereon. We think it contrary to law to inject material matter not sworn to into an affidavit, without the consent of defendant, for the reason that he will then be put to trial upon a charge that has not been sworn to by any one. We are of opinion that the court erred in allowing the affidavit to be amended without the consent of the defendant. The statute of limitations having perfected a bar, the defendant is discharged.'
>
> In the case of Dillard v. State, 137 Ala. 106, 34 So. 851, 852 the Supreme Court held that an amendment of an affidavit to meet a plea of misnomer upon which the defendant had judgment in his favor must be reverified.
>
> - - - - - - - - - - - -
>
> The effect of the holding of the court in the Dillard and in the Moore Cases, supra, is that no amendment of the affidavit, by the insertion of ma-

terial matter, may be made over the objection of the defendant, after the bar of the statute has run against the offense charged, and, where such an amendment is made before the bar of the statute, the affidavit must be verified." *Lemley* v. *State,* (1931) (Ala.) 136 So. 494.

"It follows, therefore, that the municipal court of the city of Mansfield, Ohio was without authority to change the language in the affidavit or to permit its change without the authority of the person making the affidavit, and was without authority to proceed with the hearing, in the absence of an oath administered to the affiant after the change . . ." *Diebler* v. *State* (1932) 43 Ohio App. 350, 183 N. E. 84, 85.

"The question presented is whether, in the trial of a criminal case, the court has authority to allow the affidavit charging the offense to be amended without verification by the individual preferring the charges. The question has been before the reviewing courts of Ohio on several occasions and the ruling is definitely established that courts have no such authority. - - -

- - - - - - - - - - - -

The court - - - has no authority to change a sworn statement contained in an affidavit made by an individual without verification by the affiant. In the instant case the defendant was tried upon an unsworn charge and it is a statutory requirement in a criminal action that the affidavit must be sworn to by the individual preferring the charges.

We, therefore, conclude that the Municipal Court was without authority to proceed to trial upon the unverified amended affidavit and we do not find it necessary to consider the record to determine whether or not the evidence is sufficient to establish the defendant's guilt - - -"

*City of Ironton* v. *Bundy,* (1954) (Ohio) 129 N. E. 2d 831.

The respondent in the case at bar reserved several exceptions. Because of our conviction that the exception already entertained and discussed is valid there is no necessity for this Court to express any opinion upon the concomitant exceptions.

The mandate must be:

*Exceptions sustained.*