STATE of Maine

v.

Gary R. HUNTLEY.

Supreme Judicial Court of Maine.

May 5, 1977.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, for plaintiff.

Robert F. Hannigan, South Portland, for defendant.

DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

Appellant was convicted after a jury-waived trial of a violation of 29 M.R.S.A. § 2184 as it read on April 11, 1975. From a judgment entered on such conviction, he seasonably appealed.

We sustain the appeal.

The complaint[1] under oath which purported to originate the action from which this appeal resulted was inadequate in law to confer jurisdiction upon the court to try the case, convict, and impose a lawful sentence. This conclusion we reach on the authority of State v. Ward, 156 Me. 59, 158 A.2d 869 (1960).

Our conclusion that the appeal must be sustained is bottomed upon the major premise that the original complaint was void. The happenings subsequent to the filing of the complaint were ineffective to create a valid complaint.

The state sought to charge the appellant with violation of 29 M.R.S.A. § 2184 as it was on April 11, 1975. The original complaint was filed in the District Court. The

---

* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

1. "Everett Willey, South Portland, being duly sworn, deposes and says (upon information and belief).

"That, *(as more fully appears from the affidavit attached hereto) on or about the 11th day of April 1975, in the City of South Portland, County of Cumberland, and State of Maine, the above named defendant Gary R. Huntley, did "operate a certain motor vehicle, to wit: an automobile, over and along Broadway, a public way, in said South Portland, at a time while his right or license to operate in the State of Maine was then and there under suspension, his said right or license to so operate a motor vehicle having ·been suspended by the Secretary of State. According to records of the Secretary of State, papers to follow—"

appellant, acting pursuant to Rule 40, Me.D. C.Crim.R., requested that the action be transferred to the Superior Court. An order effecting such transfer was entered. On September 11, 1975, the state moved in the Superior Court to amend the complaint to add as follows:

"Gary R. Huntley, Sr., whose date of birth is December 13, 1946, was suspended on December 27, 1973, suspension effective from January 3, 1974, for an indefinite period, until he requests and attends a hearing, and until receipt of reinstatement fee of $10.00, as a result of his conviction on September 13, 1973 for operating after suspension, together with his previous record.

"Mr. Huntley's right to operate was under suspension on April 11, 1975, and is still under suspension."

The motion was granted and the complaint was amended over appellant's objection.

29 M.R.S.A. § 2184 as it read on April 11, 1975, contained both a general and a specific provision, each with its own penalty, relating to the offense of operating a motor vehicle after the suspension of the operator's license. In *State v. McClay,* 146 Me. 104, 108, 78 A.2d 347, 350 (1951), our court quoted from *Tuttle v. Commonwealth,* 68 Mass. (2 Gray) 505, 506 (1854), as follows:

" 'When the statute imposes a higher penalty upon a second and a third conviction, respectively, it makes the prior conviction of a similar offence a part of the description and character of the offence intended to be punished; and therefore the fact of such prior conviction must be charged, as well as proved. It is essential to an indictment, that the facts constituting the offence intended to be punished should be averred. This is required by a rule of the common law, and by our own Declaration of Rights, art. 12.' "

Our court went on to say:

" 'It follows that the offence which is punishable with the higher penalty is not fully and substantially described to the defendant, if the complaint fails to set forth the former convictions which are essential features of it.' " *State v.*

*McClay,* supra, 146 Me. at 109, 78 A.2d at 350, quoting from *Commonwealth v. Harrington,* 130 Mass. 35 (1880).

Later, in *State v. Ward,* supra, this court was concerned with the legal sufficiency of a complaint alleging a violation of a statute identical in all material respects to the one now before us. Although the court there found the complaint legally inadequate because of the absence of an allegation that the suspension was in full force and effect at the time alleged in the complaint as the date of operation, the court continued with a discussion of a further reason for holding the complaint legally inadequate. The court said:

"As previously stated, Section 161 contains two distinct and separate provisions relating to the operation of a motor vehicle after the suspension of the license of the operator. Each carries a separate and different penalty. That part of Section 161 which was added thereto by Section 5 of Chapter 250, P.L., 1957, hereafter called for convenience the special provision of Section 161, applies only to those prosecutions in which the suspension resulted from a failure to comply with the Financial Responsibility Law. The other part of Section 161, hereafter called the general provision of that section, under which the State claims the present complaint was brought, applies to prosecutions resulting from violation of suspensions in general, without any reference being made as to the reason for the suspension. We must assume that the Legislature intended to achieve a consistent body of law and did not intend to provide two different penalties under Section 161 for exactly the same act. We cannot believe that the Legislature by enacting the special provision of Section 161 intended that one operating a motor vehicle in violation of its provisions should also be liable to prosecution and punishment under the general provisions of the same section. We therefore conclude that a person cannot be prosecuted under the general provision of Section 161 for operating a motor vehicle after suspension for

failure to comply with the Financial Responsibility Law. Therefore, an allegation which follows the statutory language of the general provision of Section 161, as in the instant case, without specifying the reason for the suspension, might embrace cases falling within the letter of that provision but not within its real meaning or spirit. The possibility of such a situation requires the allegation of other facts necessary to apprise the respondent of the exact nature of the crime which the State seeks to charge." *State v. Ward,* supra, 156 Me. at 65, 158 A.2d at 872–73.

We conclude, then, on the authority of *State v. Ward,* supra, that the complaint as entered in the District Court was fatally defective for failure to allege the reason for the suspension.

Rule 7(e), M.R.Crim.P., has provision that the court may permit a complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

Here, the amendment was not under oath. For this reason, *in this case,* the omission of the oath constitutes a fatal flaw to the amendment. As this court said in *State v. Chapman,* 154 Me. 53, 56–57, 141 A.2d 630, 632 (1958):

"The complaint in the case at bar was criminally innocuous in its context as it read when filed with the Trial Justice. The additionally alleged facts, supplied as novel matter by the amendment, were indispensable to constitute the gravamen of an offense under the statute invoked."

So, too, in the case now before us, the complaint as entered was criminally innocuous in its context because of its failure to allege the reason for the suspension. The amendment sought to provide the necessary ingredient of the complaint to transform it from one criminally innocuous to one effective to charge a crime. The amendment alleged facts supplying novel matter to the complaint. It was the amendment which supplied the allegation of the *"real meaning or spirit"* of the statute. This being so, it was required to be under oath. Such is the holding of *Chapman.*

The court below had no jurisdiction to try the appellant and impose sentence.

The entry must be:

Appeal sustained.

WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

DELAHANTY, J., did not sit.