STATE of Maine

v.

Nelson CLARK.

Supreme Judicial Court of Maine.

Argued Sept. 3, 1980.

Decided Oct. 1, 1980.

Michael Povich, Dist. Atty., Gary L. Greene, Asst. Dist. Atty. (orally), Machias, for plaintiff.

Alan D. Graves (orally), Machias, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

ROBERTS, Justice.

After a jury trial in the Superior Court (Washington County), Nelson Clark was convicted of operating a motor vehicle under the influence of intoxicating liquor, 29 M.R.S.A. § 1312. As the sole issue on appeal, Clark contends that the Superior Court erred in denying his motion to dismiss based on alleged defects in the complaint. We affirm the judgment of conviction.

Clark was arraigned and entered a plea of not guilty in the District Court in Machias on August 27, 1979. On the same date, the case was transferred to the Superior Court, at Clark's request, pursuant to 15 M.R.S.A. § 2114 and M.D.C.Crim.R. 40. On March 18, 1980, Clark filed a motion in the Superior Court, seeking dismissal of the complaint on various grounds, including the bare assertion that the complaint was "defective."[1] This motion was heard on April 3, 1980, the very day scheduled for jury trial. Clark then alleged for the first time that the complaint was sworn to before an unauthorized person, citing M.D.C.Crim.R. 3.[2]

1. Any other objections were not presented on appeal and are therefore waived.

2. M.D.C.Crim.R. 3(a) requires that a complaint be "sworn to by the complainant," and M.D.C.

## I

■ Although the Superior Court denied his motion on other grounds, we hold that Clark waived his objections to the complaint by not raising them before entry of the plea as required by M.D.C.Crim.R. 12 and 40. Rule 12(b)(2) provides in part:

Defenses and objections based on defects in the institution of prosecution or in the complaint other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial .... Failure to present any such defense or objection as herein provided constitutes a waiver thereof ....

Rule 12(b)(3) adds that "[t]he motion shall be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter." Rule 40, permitting transfer to the Superior Court, states:

Failure of a Defendant prior to transfer pursuant to this rule to present any defense or objection which must be raised under Rule 12 will constitute a waiver thereof.

We find no record of any Rule 12 motion being presented to the District Court, and, indeed, defense counsel assured us at argument that he had made none.

We recognize that the court may permit an objection to be raised "within a reasonable time" after the plea is entered, but more than six months after arraignment and only two weeks before the scheduled jury trial cannot be considered "within a reasonable time." More importantly, we construe the discretion under M.D.C.Crim.R. 12(b)(3) to be vested in the District Court and not in the Superior Court.

We also recognize that M.R.Crim.P. 12(b)(2) allows the Superior Court to grant relief from the waiver "for cause shown." Clark was, however, represented by counsel during his arraignment, and he has shown no other reason why he was unable to raise his objections in District Court.

Our concern for the orderly administration of justice and the efficient use of judicial resources compels us to insist on strict adherence to the waiver provisions of Rules 12 and 40. Of course, if a timely motion is made and denied in the District Court, the defendant may renew the motion in Superior Court. We refuse, however, to legitimate the practice of waiting until the day of trial to object to technical defects in hopes of obtaining delay or dismissal of the criminal proceedings. No attorney owes his client any duty to seek delay solely for the sake of delay, and Rule 12 is intended to eliminate the use of last–minute objections as a means of "jockeying for tactical advantage." H. Glassman, *Maine Practice, Rules of Criminal Procedure* §§ 12.2, 112.2 (1967).

## II

The waiver provisions of Rule 12 do not apply if the defect is one that deprives the court of jurisdiction. Lack of jurisdiction is never waived and "shall be noticed and acted upon by the court at any time." M.D.C.Crim.R. 12(b)(2). Clark argues that the court lacked jurisdiction because the complaint was sworn to before a person not "empowered to issue warrants against persons charged with offenses against the state."[3] M.D.C.Crim.R. 3(b). We reject that contention due to the distinction, in terms of constitutional significance, between the issuance of process and the filing of a charging document.

A complaint can serve two different functions. If the defendant is not already before the court, the complaint is the basis for issuance of an arrest warrant pursuant to Rule 4. If the defendant has already been arrested or appears voluntarily, no warrant is necessary and the complaint

---

Crim.R. 3(b) requires that the complaint "shall be made before a magistrate or other officer empowered to issue warrants against persons charged with offenses against the state."

**3.** Although the record does not so establish, we will assume without deciding that the person who administered the oath on the complaint was without authority to issue warrants. Likewise, we will assume without deciding that such a defect may require dismissal upon a timely Rule 12(b)(2) motion. We intimate no opinion on either question.

serves only as the charging document upon which arraignment is conducted.

■ The Maine Constitution, article 1, section 5, provides that "no warrant . . . shall issue . . . without probable cause–supported by oath or affirmation." Decisions of the United States Supreme Court add the federal constitutional requirement that the probable cause determination be made by a neutral and detached judicial officer. *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972). M.D.C. Crim.R. 4 recognizes these constitutional requirements with respect to arrest warrants issued upon complaints. Although Rule 3 requires that all complaints be sworn to, the Maine and federal constitutions require an "oath or affirmation" only when the complaint is filed for the purpose of securing an arrest warrant. When, as in this case, no warrant is involved and the complaint serves only as the charging document, the court's authority to proceed to trial does not depend upon the complaint being made under oath.

■ None of our statutes or rules requires compliance with Rule 3(a) as a jurisdictional prerequisite. Although previous decisions of this Court have emphasized the requirement of a sworn complaint, most were decided prior to the adoption of the Maine Rules of Criminal Procedure in 1965. *See, e. g., State v. Chapman*, 154 Me. 53, 141 A.2d 630 (1958), requiring that an amendment to a criminal complaint be under oath. *Chapman* rested on both the constitutional provision cited above and also on a statutory provision requiring a sworn complaint. The statute (Me.Rev.Stat.1954, ch. 146, § 13) was repealed when we adopted the *criminal rules, and, as indicated above, the* constitutional requirement applies only when a warrant is involved. Our decision in *State v. Huntley*, Me., 372 A.2d 1300 (1977), again requiring that an amendment to a complaint be under oath, relied on the authority of *Chapman* and was, therefore, based in part on a statute no longer in effect. To the extent that *Huntley* is inconsistent with our opinion herein, it is overruled.

Our conclusion is consistent with the decision in *Gaither v. United States*, 413 F.2d 1061, 1075–76 (D.C.Cir.1969), finding no prejudicial error where a post–arrest complaint was sworn before a deputy clerk not authorized to administer the oath required by Rule 3 of the Federal Rules of Criminal Procedure.

We repeat, when the complaint serves only as the charging document, the total absence of an oath is not a jurisdictional defect. Therefore, the defect in Clark's complaint, if it existed at all, was waived for failure to raise the objection by motion prior to the entry of plea in District Court.

The entry is:

Judgment of conviction affirmed.

All concurring.