STATE of Maine

v.

**Herman LAMARE, Jr.**

Supreme Judicial Court of Maine.

Argued May 12, 1983.

Decided Aug. 1, 1983.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Libhart, Ferris, Dearborn, Willey & Ferm, Joseph L. Ferris (orally), N. Laurence Willey, Jr., Brewer, for defendant.

Before GODFREY, NICHOLS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

NICHOLS, Justice.

After a jury-waived trial in Superior Court, Penobscot County, the Defendant, Herman Lamare, Jr., was convicted of one count of possession of a firearm by a felon, 15 M.R.S.A. § 393 (Class C) and one count of operating after suspension, 29 M.R.S.A. § 2184. He appeals. We affirm both convictions.

The Defendant was arrested on the evening of February 23, 1979, in Brewer. Earlier that evening the Bangor Police Department had issued an "attempt to locate" radio bulletin stating that the Defendant, driving a red Corvette with a white top, was involved in the possible abduction of a fifteen-year-old girl. Two Bangor police officers observed an automobile matching this description and they pursued it, successfully stopping it in Brewer.

The Defendant got out of the Corvette. A female passenger remained seated inside. One officer frisked the Defendant and discovered a loaded pistol clip in his pocket. The other officer then opened the driver's

door of the car, leaned in and saw a nine millimeter Smith & Wesson handgun lying partially uncovered on a shelf behind the Corvette's seats.

Having personal knowledge that the Defendant's license was under suspension, one of the officers arrested him for operating after suspension. Back at the station the Defendant was also charged with possession of a firearm by a felon.

Following an unsuccessful motion to suppress all evidence seized from his person and the Corvette, the Defendant was convicted of both offenses. He raises two issues on appeal.

∎ First, the Defendant argues that the pistol should have been suppressed by the Superior Court. We disagree. The Defendant concedes that the officers had probable cause to arrest him. The search here was a lawful search incident to arrest.

The Supreme Court's decision in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), is pertinent. There, the Court squarely held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. at 460, 101 S.Ct. at 2864.

The facts in *Belton* parallel those of the instant case insofar as the search there occurred after the arrestee left the automobile. Here, the combined discovery of the loaded pistol clip and presence of a passenger in the Corvette created an even greater exigency than that present in *Belton.*

∎ We note that the search preceded the Defendant's formal arrest. This is not significant here. As long as there is probable cause to arrest at the outset and as long as an arrest and search are roughly contemporaneous, the exact sequence in which they occur is not important. *Rawlings v. Kentucky,* 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980).[1]

∎ Next, the Defendant contends that the complaint charging him with operating after suspension is defective because it fails to state the reason for his suspension as required under *State v. Huntley,* 372 A.2d 1300 (Me.1977). Again, we disagree.

*Huntley,* it is true, did vacate a conviction for operating after suspension because the complaint did not specify the reason for the suspension. That case, arose, however, because the operating after suspension statute then applicable, 29 M.R.S.A. § 2194 (1964) (repealed 1975) covered two separate offenses, one which generally concerned operating after suspension and a second which specifically governed operating after suspension for failure to comply with the Financial Responsibility Law. Because the statute created two distinct offenses with slightly differing penalties, we required in *Huntley* that a complaint specify the reasons for suspension.

The statute applicable in *Huntley* was repealed in 1975 and replaced by a statute which unified the two previous offenses. 29 M.R.S.A. § 2184 (1978) (repealed 1981). With the newer statute, under which the Defendant was charged, the reason for suspension was no longer of significance. *Huntley,* which was tailored to a problem unique to the earlier statute, no longer applies.

∎ We also reject the argument that specification of the reason for suspension is required for purposes of notice or for protection against double jeopardy. A defendant unsure of the suspension which he is charged with violating can always move for a bill of particulars. None was requested in the present case.

With respect to double jeopardy, our recent decisions make clear that a defendant cannot be reprosecuted for any offense of which he could have been convicted under the charging document. *State v. Mahoney,* 459 A.2d 1073, 1077–78 (Me.1983);

---

1. The result reached on the search issue here finds further support in *Michigan v. Long,* ⸻ U.S. ⸻, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

*State v. Hebert*, 448 A.2d 322, 326 (Me. 1982). The lack of specificity here, then, poses no threat of future prosecution.

The entry is:

Appeal denied.

Judgments of conviction affirmed.

All concurring.