STATE of Maine

v.

**William BROOKS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 19, 1993.

Decided Dec. 7, 1993.

Janet T. Mills, Dist. Atty., Craig Turner, Asst. Dist. Atty., Auburn, for the State.

William Masselli, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant William Brooks appeals from judgments of the Superior Court (Androscoggin County, *Alexander, J.*) convicting him of two counts of aggravated trafficking in a schedule Z drug [1] and imposing consecutive sentences. Defendant contends that the Superior Court erred by denying his motion to suppress evidence and imposing consecutive sentences.[2] Finding no error, we affirm.

Defendant was a student at Lisbon High School. An officer of the Lisbon Police Department and a special agent interviewed six students who told the officers that defendant sold marijuana to them. The special agent then obtained an arrest warrant. According to plan, the officer went to the high school, and the principal brought defendant to the principal's office. The defendant knew the officer and told him that he would find what he was looking for in the breast pocket of defendant's jacket. The officer found twenty marijuana cigarettes in that pocket. Two minutes later, the special agent arrived with the arrest warrant. He placed defendant under arrest and advised him of his rights. Defendant agreed to talk with the agent and confessed that he had been selling marijuana cigarettes on school . grounds and in the

---

1. "A person is guilty of unlawful trafficking in a scheduled drug if he intentionally or knowingly trafficks in what he knows or believes to be any scheduled drug, and which is, in fact, a scheduled drug...." 17–A M.R.S.A. § 1103 (1983 & Supp.1992). Marijuana is a schedule Z drug. 17–A M.R.S.A. § 1102(4)(B) (1983 & Supp.1992).

"A person is guilty of aggravated trafficking or furnishing scheduled drugs if:
A. In violation of section 1103, 1104 or 1106, the person trafficks with or furnishes to a child, in fact, under 18 years of age a scheduled drug;
    . . . .

E. A person violates section 1103, and, at the time of the offense, the person is on a school bus or on or within 1,000 feet of the real property comprising a private or public elementary school.
17–A M.R.S.A. § 1105(1) (Supp.1992). Aggravated trafficking is a crime one class more serious than such trafficking would be otherwise. 17–A M.R.S.A. § 1105(2) (1983).

2. Because defendant's direct appeal challenges only the legality of his sentence, *see Smith v. State*, 479 A.2d 1309, 1311 (Me.1984), any alleged infirmity must appear affirmatively from the record. *Id.*

school. Defendant was charged with two counts of aggravated trafficking in a schedule Z drug.

The court denied defendant's motion to suppress his confession and the marijuana that was taken from him. At a jury-waived trial, three students testified that defendant sold them marijuana during the fall of 1991. One of the students testified that he had never before smoked marijuana. The court found defendant guilty on both counts and imposed a sentence of three years on count one, a consecutive sentence of three years, all suspended, on count two, and four years of probation with conditions. Defendant now appeals.

Defendant first argues that the court erred in denying his motion to suppress because the marijuana was obtained prior to his arrest and his confession was fruit of the poisonous tree. In *State v. Lamare*, 463 A.2d 279 (Me.1983), we held that, in the context of a search incident to an arrest, if probable cause to arrest exists at the outset and the search and arrest are roughly contemporaneous, the order in which they occur is unimportant. *Id.* at 280 (*citing Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980)). Accordingly, defendant's challenge to the denial of his motion to suppress must fail.

Defendant also argues that the court erred in imposing consecutive sentences. Among other reasons, the court is authorized to impose consecutive sentences when the seriousness of a single criminal episode or multiple criminal episodes requires a sentence of imprisonment in excess of the maximum available for the most serious offense. 17–A M.R.S.A. § 1256(2)(D) (1983 & Supp.1992). In this case, we review the court's determination of seriousness within the meaning of section 1256(2)(D) for clear error and misapplication of law. Defendant's drug trafficking involved sales to minors within the proscribed proximity to a school, thereby implicating two aggravating factors set forth in the statute. 17–A M.R.S.A. § 1105(1)(A) & (E) (1983 and Supp.1992). The magnitude of his offense was further heightened by the fact that the minors he sold to were students, including one first

time user and he sold substantial quantities of marijuana over a period of three months within the school itself. Defendant has failed to demonstrate any illegality in the sentences imposed. Defendant's remaining arguments are without merit and require no discussion.

The entry is:

Judgments affirmed.

All concurring.